UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN HAUPRICH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 13-cv-01609-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Docket No. 88] |

Defendant Fireman's Fund Insurance Company ("FFIC") has filed a Motion for Leave to File Motion for Reconsideration ("Motion") pursuant to Civ. L.R. 7-9(b)(1). In the Motion, FFIC seeks leave to file a motion to reconsider as to both the Court's June 26, 2014 summary judgment order [docket no. 81] and its May 1, 2014 discovery order [docket no. 58]. The Motion is DENIED.

As to the summary judgment order, FFIC contends there is a "material difference in fact . . . from that which was presented to the Court before entry" of summary judgment based on the production of two performance evaluations from Plaintiff's former employer, produced on June 25, 2014 in response to FFIC's subpoena. These documents provide "context," FFIC contends, relating to Plaintiff's "allegedly 'superior qualifications' that was absent from the record upon which the Court denied summary judgment." FFIC argues that: 1) this evidence is material in light of the Court's reliance in its summary judgment order on evidence relating to Plaintiff's qualifications; and 2) FFIC acted with "reasonable diligence" in bringing the Motion because it received the documents only a day before the Court issued its summary judgment order.

While FFIC acted with reasonable diligence as to its request for leave to bring a motion to reconsider the summary judgment order, the Court rejects FFIC's argument because the performance reviews do not provide any facts that are new *and* material. As early as March 26, 2014, when the parties filed their joint discovery letter, FFIC cited Plaintiff's own testimony that she had received counseling when she worked for her former employer on issues that are similar to the ones offered by FFIC for terminating Plaintiff. FFIC also noted that Plaintiff's subordinates at FFIC had testified that Plaintiff had told them about this counseling. Given that FFIC already had this evidence in its possession when it filed its summary judgment briefs, the performance reviews upon which FFIC now relies add little new information relating to Plaintiff's qualifications. Indeed, the performance reviews cast virtually no light on the pretext question to the extent that FFIC was not even aware of these reviews at the time of Plaintiff's termination. FFIC's argument that this evidence offers "new material information" also rings hollow to the extent that FFIC failed to cite in its summary judgment papers the evidence it already had in its possession that Plaintiff had been counseled for similar issues in her former job. *See Harmston v. City and County of San Francisco*, 2007 WL 4197483, at *4 (N.D.Cal., Nov. 21, 2007) ("Under Civil Local Rule 7-9, the new evidence submitted by plaintiffs is not 'material' and thus plaintiffs have no grounds on which to seek reconsideration).[1] Therefore, FFIC has not established that reconsideration of the Court's summary judgment order is warranted.

Nor will the Court permit FFIC to bring a motion to reconsider its May 1, 2014 discovery order. FFIC argues it should be allowed to bring a motion to reconsider the discovery order – and to obtain additional discovery that the Court previously prohibited – because the Court's summary judgment order "made it clear that Plaintiff's prior employment with CNA is relevant for purposes of assessing her qualifications." However, the Court's summary judgment order is not a "change in law" for the purposes of Local Rule 7-9.

---

[1] Even if the Court were to grant FFIC's request for leave to file a motion to reconsider the summary judgment order, the Court would deny FFIC's motion to reconsider. Assuming the performance reviews are relevant to the question of pretext, they do not change the Court's conclusion that there is sufficient evidence in the record relating to Plaintiff's managerial experience relative to that of her replacement to create a fact question as to pretext.

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  August 4, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

3